UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ILRI NIKAJ,

        Plaintiff,

v.

OAKLAND MRI and LUCIA
ZAMORANO M.D., PLC,

        Intervening Plaintiffs,

v.

THE HANOVER INSURANCE
COMPANY,

        Defendant.

                             /

Case No. 2:16-cv-13925

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING INTERVENING PLAINTIFF**
**OAKLAND MRI'S MOTION FOR RECUSAL AND TO SET ASIDE SANCTIONS [71]**

The Court's April 25, 2018 omnibus order resolved three pending motions, addressed the filing practices and apparent conduct of the parties during litigation, and scheduled a telephonic status conference. On May 1, 2018, the Court held the telephonic status conference. That same afternoon, Intervening Plaintiff Oakland MRI filed a motion for recusal and to set aside prospective sanctions discussed during the phone call. ECF 71.[1] The Court will deny the motion.

---

[1] Oakland MRI's motion failed to comply with Local Rule 7.1 which requires a moving party to seek concurrence in the subject matter of the motion and, if concurrence is not obtained, to state that "there was a conference between attorneys . . . and other parties entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought." E.D. Mich. LR 7.1(a). The Court's Practice Guidelines address LR 7.1 and state the Court's expectation that parties will engage in "more than a pro forma

1

**BACKGROUND**

In its routine management of cases, the Court usually holds off-the-record discussions with counsel. Telephonic status conferences provide parties an opportunity to frankly discuss issues they may have with the case. Moreover, the conferences allow the Court to address concerns it has with the case, to seek a status update, and to discuss the parties' attitudes towards settlement. The case management technique is particularly useful and important in cases involving contentious litigation.

Here, the parties' approach to litigation prompted the need for a status conference to manage the case. Although the Court's omnibus order resolved three pending motions, four pending motions remained—including one motion for summary judgment and two motions for leave to amend the intervening complaints. The Court detailed its perception of the case in its omnibus order. ECF 70. In particular, the Court expressed concerns about the parties' filing habits (which routinely violated the policies and procedures governing filing in the District) and their inability to stipulate to an adjournment of trial

---

communication." *See Practice Guidelines for Judge Stephen J. Murphy, III*, *available at*: https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=31 (last accessed July 24, 2018). Moreover, failure to "adhere to Local Rule 7.1(a) may result in the Court striking the motion." *Id.* Although Oakland MRI fully failed to comply with the Local Rule or the Court's Practice Guidelines, the Court will not strike the motion.

Furthermore, Oakland MRI's motion fails to comply with Electronic Filing Rule 18(b), which the Court specifically referenced in its previous order. *See* ECF 70, PgID 3467. Under that rule, exhibits must be "filed and identified as a separate attachment to the paper, and must be labeled in the electronic record with an exhibit identifier and brief narrative description." Electronic Filing Policies and Procedures, Rule 18(b)(3), *available at*: http://www.mied.uscourts.gov/PDFFIles/localRulesPackage.pdf (last accessed July 24, 2018). Here, Ms. Septer's affidavit is not searchable and is not noted by a separate identifier.

The Court repeats its prior admonishment that Oakland MRI and all parties familiarize themselves with the Local Rules, the Electronic Filing Policies and Procedures, and the Court's Practice Guidelines.

dates (despite the pendency of seven motions and a trial scheduled for early June). A review of that order demonstrates that the Court's concerns extended to all parties.

To monitor its concern, receive a status update on the parties' expectations for the case, and discuss settlement, the Court ordered that "counsel for all parties" appear for a telephonic status conference. ECF 70, PgID 3473. Much to the Court's surprise, at the onset of the phone call, Intervening Plaintiff Oakland MRI was not represented by Bryan Schefman—to this day the only attorney of record, as reflected by the docket sheet—but by another attorney at Schefman's office, Allison Septer. All other parties were represented by attorneys who had made an appearance on the record—Kujtim Sulolli for Plaintiff, Justin Haas for Intervening Plaintiff Dr. Lucia Zamorano, and Thomas Azoni for Defendant. The Court conducted a twelve-minute phone call. During the call, the Court indicated that it would impose sanctions on Mr. Schefman for failing to appear for a court-ordered conference. A few hours later, Intervening Plaintiff Oakland MRI filed a motion for recusal.

## DISCUSSION

Oakland MRI's motion seeks two forms of relief: (1) the Court's recusal from the case and (2) the setting aside of the Court's imposed sanction against Mr. Schefman. The Court will address each issue in turn.

I.  <u>Recusal</u>

Oakland MRI avers that the Court has a personal bias or prejudice against a party and against counsel. 28 U.S.C. § 455 governs disqualification of a judge. A judge shall disqualify himself "in any proceeding in which his impartiality might reasonably be questioned" or if he demonstrates a "personal bias or prejudice concerning a party[.]" 28

U.S.C. § 455. Ordinarily, opinions based on "facts introduced or events occurring in the course" of proceedings "do not constitute a basis for a bias or partiality motion[.]" *Liteky v. United States*, 510 U.S. 540, 555 (1994). Moreover, as a practical matter, a court's reliance upon extrajudicial sources is the only basis for establishing disqualifying bias or prejudice under 28 U.S.C. § 455. *See United States v. Howard*, 218 F.3d 556, 566 (6th Cir. 2000) (quoting *Liteky*, 510 U.S. at 551). An opinion formed on the facts of the case represents bias or partiality only if the Court "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Judicial comments "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Id.* As the Supreme Court noted, bias or impartiality is not established by mere

> expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

*Liteky*, 510 U.S. at 555.

Here, the Court conducted a conference call in which it expressed its concerns related to Oakland MRI, Dr. Lucia Zamorano, Ilri Nikaj, and Hanover Insurance Company. All parties received equally vigorous critiques from the Court. As an initial matter, therefore, the Court's conduct did not demonstrate a "deep-seated favoritism" or "antagonism" towards one party rather than another.

4

Oakland MRI points to particular facts that it believes demonstrates the Court's bias against a party.[2] First, according to the motion, the Court described the injury as a "fall from a ladder[.]" ECF 71, PgID 3489. Indeed, the Court used the Plaintiff's own language. *See* ECF 1-2, PgID 12 (describing how the vehicle's driver backed into a ladder "causing Plaintiff to fall from the ladder[.]"). Second, Oakland MRI points to the Court's mention of the FBI Fraud Healthcare task force as evidence of the Court's partiality. As a federal judicial officer, the Court, from time to time, may freely discuss federal agencies that have an interest in a matter currently pending before the Court. Third, Oakland MRI points to the Court's apparent comments about "what constitutes 'reasonable charges' under the Michigan No-Fault Act[.]" ECF 71, PgID 3488–89. Oakland MRI mischaracterizes the Court's comments. In a discussion about the damages sought, the Court merely expressed surprise at the cost of a medical procedure provided by Oakland MRI. None of these instances demonstrates prejudice requiring recusal.

Oakland MRI further contends that the Court possesses bias against counsel. Oakland MRI points to the Court's frustration with Mr. Schefman's failure to be on the call, but that frustration stemmed from Mr. Schefman's disregard of a court-ordered appearance and not any personal bias. The Court asked about hourly rates, but for the purpose of gauging the potential of mediative efforts in a highly contentious case. Furthermore, the Court insisted that Ms. Septer file an appearance, which merely

---

[2] Ms. Septer's affidavit notes that she believes the Court has "prejudged all factual matters" but "did not appear to be familiar" with the facts of the case. ECF 71-1, PgID 3496. The Court cannot prejudge factual matters with which it is unfamiliar. Regardless, the Court has neither prejudged the factual matters of the case nor demonstrated a lack of familiarity with the case.

5

reinforces a local rule.[3] As discussed further, *infra* II., Ms. Septer has still not made a proper appearance in the case. None of these instances manifests bias or partiality requiring recusal.

II.     Setting Aside Sanctions

Oakland MRI also moves to set aside the Court's $500 fine of Mr. Schefman for his failure to appear. There are several bases for Oakland MRI's position. First, Oakland MRI contends that Ms. Septer has appeared in the case and, thus, her appearance satisfied the Court's order scheduling the status conference. Second, Oakland MRI argues that the Court lacks the authority to impose the sanction.

First, Ms. Septer has not made an appearance of any kind in the case. An attorney "must appear before representing a person or a party[.]" E.D. Mich. LR 83.25. An attorney "appears and becomes an attorney of record by *filing* a pleading or other paper or a notice of appearance." *Id.* (emphasis added). Any appearance must include the attorney's "office address, e-mail address, and telephone number." *Id.*

Oakland MRI contends that Ms. Septer's name appears on "every single pleading and document filed with the Court" and thus a separate appearance is not required. ECF 71, PgID 3486. Oakland MRI does not contend that Ms. Septer *filed* a single pleading or document; nor can it. A review of the docket sheet reveals that, although Ms. Septer's name might appear on each of Oakland MRI's filings, she has not *filed* any pleading (not even the motion for recusal) or other paper, as required by Local Rule. *See, e.g.,* ECF 13, 20, 24, 51, 52, and 71 (noting on the docket sheet itself that Bryan Shefman filed the

---

[3] *See* E.D. Mich. LR 83.25.

documents).[4] Oakland MRI does not—and cannot—contend otherwise. The presence of Mr. Schefman's signature on each of Oakland MRI's filings—not Ms. Septer's—further reinforces that Mr. Schefman has filed each of Oakland MRI's documents. Nor has Ms. Septer filed a notice of appearance containing the specified information.[5] The first basis for setting aside the proposed sanction is unavailing.

Second, Oakland MRI avers that the Court lacks the authority to impose the sanction. Under Rule 16(f), the Court may impose sanctions on an attorney who "fails to appear at a scheduling or other pretrial conference[.]" Fed. R. Civ. P. 16(f)(1)(A). The Local Rules also empower the Court to sanction counsel for a party who "fails to appear at a pretrial conference[.]" E.D. Mich. LR 16.1(d). The Court ordered counsel for all parties to appear. Despite his apparent availability, *see* ECF 71, PgID 3476, Mr. Schefman did not appear for the pretrial telephonic status conference. Instead, Mr. Schefman apparently instructed Ms. Septer to appear for the phone call on his behalf.[6] As discussed,

---

[4] Oakland MRI's theory is that if an attorney's name appears in a filing, that attorney has made an appearance. The language of the Local Rule refutes that notion. So, too, does practicality. Oakland MRI's proposed theory would impose a burden on the Court to review every filing of any party in every case to determine which attorneys have appeared in the case. Such a rule would impose an undue burden on the Court—especially when an attorney can make an appearance merely by filing a document or by filing a notice of appearance.

[5] If Ms. Septer would like to be an attorney of record, she may file a pleading or other paper or a notice of appearance. An example of a notice of appearance can be found at ECF 6.

[6] In the absence of a proper appearance on the record, the Court cannot discern whether Ms. Septer "was substantially prepared in good faith" for the call and that she is a "skilled and capable attorney[.]" ECF 71, PgID 3479, 3488. Regardless, Mr. Schefman, as the only attorney of record, demonstrated substantial incompetence by having an attorney who has not appeared in the case participate in a court-ordered status conference for which he was available and in case for which he formally appeared.

7

Ms. Septer is not an attorney of record. Mr. Schefman, therefore, failed to appear for a pretrial conference. The Court will assess a fine against Mr. Schefman of only $150, however.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Intervening Plaintiff Oakland MRI's motion for recusal and to set aside [71] is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Schefman is **FINED** $150.00. Mr. Schefman shall **SUBMIT** to the Clerk of the Court a check made payable to the "United States District Court for the Eastern District of Michigan" within 30 days of the date of this order.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager