UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ILRI NIKAJ,

    Plaintiff,

and

OAKLAND MRI and LUCIA
ZAMORANO, M.D., PLC,

    Intervening Plaintiffs,

v.

THE HANOVER INSURANCE
COMPANY,

    Defendant.
_____/

Case No. 2:16-cv-13925

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING INTERVENING PLAINTIFFS' MOTIONS FOR LEAVE TO AMEND [50, 51] AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AGAINST INTERVENING PLAINTIFFS [49]**

On March 11, 2016, allegedly Viktor Camaj caused serious injury to Plaintiff Ilri Nikaj by allegedly backing into a ladder on which Nikaj stood. ECF 1-2, PgID 12. Nikaj seeks insurance benefits from his insurer—Defendant The Hanover Insurance Company—that it allegedly owes under a motor vehicle insurance policy. On August 25, 2016, Nikaj filed a state-court complaint against Camaj and Hanover.

On November 4, 2016, Defendant removed Nikaj's no-fault insurance claim from state court.[1] On March 31, 2017, Intervening Plaintiff Oakland MRI filed its motion to intervene. ECF 13. The Court granted the motion. ECF 17. On April 19, 2017, Intervening

---

[1] The claim against Hanover was severed from Plaintiff's negligence claim against Defendant Camaj. *See* ECF 1, PgID 2.

1

Plaintiff Dr. Lucia Zamorano filed her intervenor complaint. ECF 16. On May 11, 2017, Oakland MRI filed its intervenor complaint. ECF 20. Both intervening complaints relied upon a statutory cause of action set forth in Michigan's No-Fault Insurance Act, Mich. Comp. Laws § 500.3101, *et seq. See* ECF 16, PgID 196, ECF 20, PgID 213–15.

On January 4, 2017, the Court entered the first schedule. ECF 4. On August 7, 2017, the Court amended the schedule. ECF 28. The new discovery cutoff was November 30, 2017, and dispositive motions were due by December 29, 2017. *Id.*

On December 29, 2017, Defendant filed a motion for summary judgment against the Intervening Plaintiffs. ECF 49. Zamorano filed a motion for leave to amend her intervening complaint on January 10, 2018. ECF 50. She did not respond to Defendant's motion for summary judgment, however, until January 30, 2018—nearly two weeks after her response was due under the Local Rules. ECF 55.[2] Oakland MRI filed a motion for leave to amend, ECF 51, and its response to Hanover's motion for summary judgment, ECF 52, on January 12 and 19, 2018, respectively. The Court has reviewed all the motions and finds that a hearing is unnecessary. For the reasons below, the Court will deny Intervening Plaintiffs' motions for leave to amend and will grant Defendant's motion for summary judgment.

## STANDARD OF REVIEW

When justice so requires, a court "should freely give leave" to amend. Fed. R. Civ. P. 15(a)(2). A court may deny leave to amend, however for "undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the

---

[2] Zamorano then sought leave to file a late response, ECF 58, and Hanover sought to strike the tardy response, ECF 61. The Court granted Zamorano leave and denied Hanover's motion. ECF 70. And the Court detailed extensively the many issues related to the parties' litigation of the case. *See id.*

amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). When a party seeks leave to amend in the late stages of litigation, they must also satisfy Rule 16(b)(4)'s good cause requirement. *See Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).

Summary judgment is proper if the movant shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the Court must view the facts and draw all inferences in the light most favorable to the non-moving party. *Stiles ex rel. D.S. v. Grainger Cty.*, 819 F.3d 834, 848 (6th Cir. 2016). The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

## DISCUSSION

### I.　The *Covenant* Decision

In March and April 2017, Intervening Plaintiffs intervened based on a statutory cause of action under Michigan's No-Fault Insurance Act. On May 25, 2017, the Michigan Supreme Court found that Michigan's No-Fault scheme did not provide healthcare providers with a statutory cause of action to recover personal protection insurance benefits from a no-fault insurer. *Covenant Med. Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 500 Mich. 191 (2017). Two footnotes from the decision are particular relevant. First, *Covenant* acknowledged that the right to assign "rests on the specific terms of the contract between the relevant parties." *Id.* at 217 n.39. Second, the decision did not "alter an insured's ability to assign his or her right to past or presently due benefits to a healthcare provider." *Id.* at n.40.

3

Furthermore, *Covenant* applies retroactively. *See W A Foote Mem'l Hosp. v. Mich. Assigned Claims Plan*, 321 Mich. App. 159, 196 (2017) (concluding that *Covenant* applies retroactively); *see also Wieczorek v. Volkswagenwerk, A.G.*, 731 F.2d 309, 310 (6th Cir. 1984) (noting that Michigan intermediate court rulings are "binding authority in federal courts" on issues of state law "in the absence of any Michigan Supreme Court precedent").

II. <u>Motions for Leave to Amend or Correct Intervening Complaints</u>

In light of the *Covenant* decision, Intervening Plaintiffs sought leave to amend their complaints to include a cause of action based on an assignment of rights. Defendant opposes the motions to amend for several reasons. First, Hanover asserts that the Intervening Plaintiffs' motions are unduly delayed under Rule 15 and that the Intervening Plaintiffs failed to show "good cause" under Rule 16 for the tardiness of their motions. Second, Defendant argues that the tardiness of the filing is per se prejudicial.

*A. Rule 15(a) and Rule 16(b)*

Whether to permit amendment "pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman*, 371 U.S. at 182). Rule 15's liberal approach to amendment limits the Court's discretion. *See Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) (citing *Espey v. Wainwright*, 734 F.2d 748 (11th Cir. 1984)). But, when a party moves to amend at a late stage in the litigation, the Court must consider the intersection of Rule 15's liberal amendment approach and Rule 16's good cause requirement for modification of the schedule. *See Leary*, 349 F.3d at 906.

A party seeking leave to amend late in the litigation must meet "an increased burden" to show "justification for the failure to move earlier." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). The movant must first demonstrate "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

Another "relevant consideration" in the Court's good cause evaluation is the prejudice to the non-moving party. *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625). The Court must find "at least some significant showing of prejudice" to the non-moving party. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). The Sixth Circuit has recognized that "allowing amendment after the close of discovery creates significant prejudice[.]" *Duggins*, 195 F.3d at 834 (citing *Moore*, 790 F.2d at 560 and collecting cases). *See Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937–38 (6th Cir. 2004) [hereinafter *Inge II*] (finding undue prejudice when the plaintiff "sought leave to amend after all significant discovery had been completed and after the dispositive motion cut-off date" and collecting cases).

*B. Good Cause for Delay*

Intervening Plaintiffs neither provided evidence that they diligently attempted "to meet the case management order's requirements" nor explained their delay in seeking amendment. *See Inge*, 281 F.3d at 625 (quoting *Bradford*, 249 F.3d at 809); *see also Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) (affirming denial of leave to amend when plaintiff "offered no explanation or justification" for lengthy period before seeking amendment).

The Michigan Supreme Court issued its *Covenant* decision in May 2017. On that date, the Intervening Plaintiffs knew, or should have known, that their statutory cause of action was no longer viable.[3] Discovery subsequently closed on November 30, 2017; the Court conducted a status call on December 5, 2017—during which neither Intervening Plaintiff mentioned the need to amend; and the dispositive motion deadline passed on December 29, 2017.

Finally, on January 10 and 12, 2018—seven and one half months after the *Covenant* decision, one and one half months after the close of discovery, and nearly two weeks after the dispositive motion deadline—Intervening Plaintiffs filed motions to amend their intervening complaints to assert a new cause of action based on an assignment of rights. ECF 50, 51. Intervening Plaintiffs' motions to amend—they did not file replies to Defendant's responses—contain no explanation for the delay and do not demonstrate that they exercised diligence in seeking to meet the Court's case management requirements. The Intervening Plaintiffs therefore failed to show good cause for their nearly eight-month delay in seeking leave to amend.

*C. Prejudice to Defendant*

Moreover, allowing the Intervening Plaintiffs to amend their complaints "after the close of discovery" and the passage of the dispositive motion deadline "creates significant prejudice" to Defendant. *Duggins*, 195 F.3d at 834. *See Inge II*, 388 F.3d at 934; *see also Wade,* 259 F.3d at 459 (affirming denial of leave to amend when Plaintiff sought leave to amend after the dispositive motion deadline, defendant filed a dispositive motion, and

---

[3] Intervening Plaintiffs sought assignments of Plaintiff Nikaj's past and presently due benefits on May 25, 2017, June 1, 2017, and January 4, 2018, all of which occurred on or after the date of the *Covenant* decision. *See* ECF 52-1 and ECF 55, PgID 1289.

6

more discovery was necessary); *Priddy v. Edelman*, 883 F.2d 438, 446 (6th Cir. 1989) ("A party is not entitled to wait until the discovery cutoff date has passed and a motion for summary judgment has been filed" to seek leave to amend.); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir. 1973) (upholding a denial of leave to amend when amendment would have required "the time and expense of continued litigation on a new theory, with the possibility of additional discovery" because that "would be manifestly unfair and unduly prejudicial").

Intervening Plaintiff Oakland MRI contends it is the only party that could be potentially prejudiced because "Defendant has been aware of Intervening Plaintiff's assignments, has such assignments in its possession, waited until Intervening Plaintiff [Oakland MRI] had been involved in [more than] seven (7) months of litigation" incurring fees and costs before filing a motion for summary judgment. ECF 51, PgID 779. For her part, Intervening Plaintiff Zamorano asserts that the proposed amendment "merely substitutes one theory of liability for another" and that Intervening Plaintiff's claim "will remain identical" to the previously-filed intervening complaint. ECF 50, PgID 720–21. A changed theory of liability, however, can affect a party's approach to litigation and the nature and costs of discovery. Thus, the Intervening Plaintiffs' arguments are misplaced.

Defendant would indeed be prejudiced if the Court granted the amendments. First, Oakland MRI's prejudice argument shows that it was aware of the assignments, but failed to amend its intervening complaint until the final stages of litigation. Second, Defendant timely filed a motion for summary judgment; Defendant does not possess a continuing obligation to identify the shortcomings in an opposing party's case. Third, Defendant also incurred the costs and expenses associated with months of discovery and motion

7

practice. Finally, granting the Intervening Plaintiffs' motions for leave to amend would require, at the very least, reopening discovery, filing new dispositive motion briefing, and Defendant developing a new defense to defeat the new cause of action. That burden qualifies as significant prejudice to Defendant. *See Leary*, 349 F.3d at 907 (finding significant prejudice in a similar scenario and affirming denial of leave to amend).

Because of the remarkable tardiness of Intervening Plaintiffs' motions for leave to amend, the absence of any justification for the tardiness, and the prejudice to Defendant if the Court were to grant the amendments, the Court will deny Intervening Plaintiffs' motions for leave to amend.

III.    Defendant's Motion for Summary Judgment

Defendant moved for summary judgment because Michigan's No-Fault Act does not establish an independent statutory cause of action for medical providers. *See Covenant*, 500 Mich. at 218 ("A healthcare provider possesses no statutory cause of action under the no-fault act against a no-fault insurer for recovery of PIP benefits."). The *Covenant* decision applies retroactively. *See Foote*, 321 Mich. App. at 196. Intervening Plaintiffs are medical providers, and their complaints pleaded only statutory causes of action. The Court must therefore grant Defendant's motion for summary judgment.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Intervening Plaintiff Dr. Lucia Zamorano's motion to amend [50] is **DENIED**.

**IT IS FURTHER ORDERED** that Intervening Plaintiff Oakland MRI's motion to amend [51] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [49] is **GRANTED**.

**SO ORDERED**.

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 7, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 7, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager